UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JEROME AMERUS EBERHARDT,                                    No. 12-11994

                                       Debtor(s).
_____/

Memorandum on Motion for Relief From Automatic Stay
_____

      Creditor Lloyd A. Peolman, junior lienholder on the debtor's real property located at 9899 Barnett Valley Road, Sebastopol, and armed with a state court judgment for judicial foreclosure, has moved for relief from the automatic stay. Debtor Jerome Eberhardt opposes the motion on grounds the court finds without merit.

      According to Eberhardt's schedules, the value of the property is $925,000.00, with a senior encumbrance of $737,000.00 and Peolman's junior encumbrance - not scheduled as disputed - of $153,888.00. Eberhhardt admits he is in default on payments to Peolman, and does not dispute that the note is now due in full pursuant to the state court judgment. The schedules, originally filed August 7, 2012, have not been amended.

      Eberhardt filed a response to the motion presenting a Broker's Price Opinion valuing the property at $1,100,000. Eberhardt argues that this higher value created an equity cushion of about

$179,530, and therefore relief may not be granted pursuant to § 362(d)(2)(a). Eberhardt proposes to fund his plan by trying to sell the property.

      Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions. *In the Matter of Gervich*, 570 F.2d 247, 253 (8th Cir.1978). A debtor may not adopt a cavalier attitude toward his the accuracy of his schedules by arguing that they are not precise and correct. *In re Duplate*, 215 B.R. 444, 447n8 (9th Cir. BAP 1997). Even when schedules are amended the old schedules do not become nullities. The only effect of amendment of a schedule is that the original schedule no longer has the binding, preclusive effect it might otherwise have. It still fully subject to consideration by the court as an evidentiary admission. *White v. Arco/Polymers, Inc.*, 720 F.2d 1391, 1396n5 (5th Cir. 1983). Here, the schedules have not been amended so they preclude the debtor arguing otherwise. They show no meaningful equity in the property.

      Even if the Eberhardt were free to argue equity, he does not appear to be entitled to any relief as a matter of law. His plan seeks to modify the rights of a creditor secured by the personal residence where the debt is presently due in full by extending the payment term beyond the maturity date. This is an and an impermissible modification of the rights of the secured creditor under § 1322(b)(2). *In re Schilling*, 64 B.R. 319, 320 (Bankr. D. Nev. 1986). Eberhardt's counsel concedes that this property is the debtor's personal residence and advances no theory as to why the provisions of § 1322(b)(2) should not apply.

      Even if Eberhardt had established the possibility of equity in his property and a legal basis for modifying Poelman's rights the court would still grant the motion because Eberhard had not been diligent since his filing. Where a debtor is clearly proceeding in good faith to act as quickly as possible, the court will often find a way to afford a debtor a brief period of time to sell property. However, where it appears that the debtor is merely stalling for time and has neither the ability nor the

intent to actually sell anything, such relief is not appropriate.  In this case, Eberhardt admits that he did not even list his property for sale until over six weeks after he filed his petition.

Pursuant to § 362(e)(1) of the Bankruptcy Code, a court must grant relief from the automatic stay at a preliminary hearing unless the court finds a reasonable likelihood that the party opposing relief will prevail at a final hearing.  The court is unable to so find after considering Eberhardt's arguments, and relief will accordingly be granted.  Counsel for Peolman shall submit an appropriate form of order.

Dated:  October 29, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge